635 A.2d 155

**Leroy BARNUM, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1993.

Filed Dec. 16, 1993.

490

Joel M. Lieberman, Philadelphia, for appellant.

Louis E. Bricklin and Moira C. Duggan, Philadelphia, for State Farm, appellee.

Jennifer L. Abram, Media, for Ins. Federation, amicus curiae.

Before WIEAND, TAMILIA and HESTER, JJ.

WIEAND, Judge.

On July 10, 1991, Leroy Barnum was operating a vehicle insured by State Farm Mutual Automobile Insurance Company (State Farm) when he was involved in an accident causing injuries to his person. Barnum received medical treatment for his injuries and thereafter made a claim against State Farm for first party benefits under the Motor Vehicle Financial Responsibility Law. State Farm questioned some of Barnum's medical bills and submitted them to a Peer Review Organization for evaluation pursuant to 75 Pa.C.S. § 1797(b). The PRO determined that certain medical treatment was unnecessary. State Farm then refused to pay the unnecessary charges.

Without seeking a reconsideration of the PRO determination, Barnum filed a civil action against State Farm in which he sought to recover his medical bills, plus interest, counsel fees and damages allowed by 42 Pa.C.S. § 8371. State Farm filed preliminary objections in the nature of a demurrer in which it contended that (1) Barnum had failed to exhaust his statutory remedy by failing to request reconsideration by the PRO, and (2) the provisions of 42 Pa.C.S. § 8371 were inapplicable to a claim for first party benefits under the Motor Vehicle Financial Responsibility Law. The trial court agreed and dismissed the complaint.[1] Barnum appealed.

The Motor Vehicle Financial Responsibility Law, according to recent amendment,[2] permits insurers to utilize PROs to evaluate the utility and medical necessity of medical treatment provided to a person injured in a motor vehicle accident. See generally: *Harcourt v. General Accident Ins.*

---

1. Although the trial court granted leave to file an amended complaint, it is readily apparent that appellant cannot file a pleading which will obviate the objections which State Farm has raised. The trial court's order, therefore, is final and appealable; it has put plaintiff out of court. See: *Fizz v. Kurtz, Dowd & Nuss, Inc.*, 360 Pa.Super. 151, 153 n. 1, 519 A.2d 1037, 1038 n. 1 (1987); *Urban v. Urban*, 332 Pa.Super. 373, 378, 481 A.2d 662, 664–665 (1984); *Freeze v. Donegal Mutual Ins. Co.*, 301 Pa.Super. 344, 349–350, 447 A.2d 999, 1002 (1982), aff'd, 504 Pa. 218, 470 A.2d 958 (1983).

2. See: 75 Pa.C.S. § 1797.

*Co.,* 419 Pa.Super. 155, 160 n. 2, 615 A.2d 71, 74 n. 2 (1992), citing 21 Pa.Bull. 5601 (Nov. 1991). The Peer Review Process is set forth at 75 Pa.C.S. § 1797(b). Subparagraph (b)(2) thereof provides for reconsideration of a PRO determination as follows:

> **(2) PRO reconsideration.**—An insurer, provider or insured may request a reconsideration by the PRO of the PRO's initial determination. Such a request for reconsideration must be made within 30 days of the PRO's initial determination. If reconsideration is requested for the services of a physician or other licensed health care professional, then the reviewing individual must be, or the reviewing panel must include, an individual in the same specialty as the individual subject to review.

In *Terminato v. Pennsylvania National Ins. Co.,* 422 Pa.Super. 92, 618 A.2d 1032 (1993), *allocatur granted,* —— Pa. ——, 631 A.2d 1010 (1993), the Superior Court held that this provision was mandatory and that the peer review procedure, once started, had to be exhausted before an action at law could be commenced in the courts. With respect to appellant's argument that the word "may" was permissive and did not require a prior petition for reconsideration, the Court said:

> We find the appellant's argument unpersuasive for several reasons. The appellant, first of all, is misguided if it believes that the word "may" is used to indicate that a party has a choice of either requesting reconsideration or appealing directly to a court of law. To the contrary, the use of the word "may" indicates a party has a choice between requesting reconsideration of the initial determination or accepting the initial determination as binding. "It is well settled that where the legislature provides a [statutory] remedy without preserving the parallel right to resort directly to the courts, that remedy is exclusive and must be strictly pursued." *Concerned Taxpay. v. Beaver Cty. Bd. of Assess.,* 75 Pa.Cmwlth. 443, 446, 462 A.2d 347, 349 (1983); *accord Lashe v. Northern York County School District,* 52 Pa.Cmwlth. 541, 546, 417 A.2d 260, 263 (1980). In such circumstances, we have interpreted words such as "may

appeal" to indicate an aggrieved party must exhaust the statutorily defined remedy before proceeding to court. *Concerned Taxpay., supra,* 75 Pa.Cmwlth. at 443, 462 A.2d at 347 (words "may appeal" mean that taxpayer must pursue appeal before Taxpayer Board of Assessment). Accordingly, the statute does not indicate that a party in the Peer Review process can resort directly to the courts, but must either appeal within the Peer Review process or accept the PRO's initial determination as binding.

*Id.* 422 Pa.Super. at 98–99, 618 A.2d at 1035 (footnote omitted).

The peer review process provides a strong incentive for insurance carriers to route disputed claims through this alternate dispute resolution process. Where the insurer denies a claim without first obtaining a PRO evaluation, the claimant may immediately commence a court action. If the court finds in favor of the claimant, the insurer becomes liable, in addition to the amount of the claim, for counsel fees, costs, and interest at the rate of 12%. Moreover, if the court finds that the insurer acted wantonly in denying a claim, treble damages may be awarded. Conversely, if the insurer uses the peer review process, its potential liability is limited to the amount of the claim plus interest. This feature of the law caused the *Terminato* Court to observe:

[I]t appears the statute is structured to push the insurer to submit claims it considers dubious into the Peer Review process. We believe the statutory design evidences an intention to make the Peer Review process the primary system for initially evaluating challenged insurance automobile policy medical claims. To accept the appellant's argument, we would have to provide insured individuals the unilateral right to circumvent the Peer Review process by allowing them to proceed at their inclination in a court of law. The statute does not lend itself to such an interpretation.

*Id.* at 102, 618 A.2d at 1037 (footnote omitted).

Subsection (b)(2) provides that a request for reconsideration by the PRO may be made within 30 days of the

PRO's initial determination. Where the legislature has provided a statutory remedy without preserving the parallel right of direct and immediate access to the courts, that remedy is exclusive and must be exhausted. Under the statutory procedure, an immediate resort to the courts is permissible only where the insurer denies a claim without first obtaining a PRO evaluation. Otherwise, an insured cannot proceed in the courts until reconsideration of an unfavorable PRO evaluation has been sought. To hold otherwise would be to defeat the purpose of and the benefits to be derived from the PRO procedure established by the legislature.

■ Our construction of the statute is supported by administrative regulation appearing at 31 Pa.Code § 69.52(m). It is there provided that "[u]pon determination of a reconsideration by a PRO, an insurer, provider or insured may appeal the determination to the courts." A court should not disregard or overturn an administrative agency's construction of a statute unless it is clearly erroneous. *Slovak–American Citizens Club of Oakview v. Pennsylvania Liquor Control Board*, 120 Pa.Commw. 528, 532, 549 A.2d 251, 253 (1988). This is because administrative regulations may often serve to clarify an arguable vagueness existing in the statute. *Pennsylvania Medical Society v. Foster*, 137 Pa.Commw. 192, 199, 585 A.2d 595, 598 (1991). Thus, in this case, the regulations confirm the only logical interpretation to be given the statute. They confirm this Court's decision to follow *Terminato*.

Appellant argues further that the trial court erred when it dismissed his claim for punitive damages, based on alleged bad faith conduct by the insurer, pursuant to 42 Pa.C.S. § 8371.[3] This statutory provision was a part of the same amendatory legislation which produced 75 Pa.C.S. § 1797.[4] It provides as follows:

**3.** In view of the PRO decision affirming State Farm's partial denial of appellant's claim, it is difficult at this point to perceive bad faith in State Farm's conduct.

**4.** Act of February 7, 1990, P.L. 11, No. 6, effective April 15, 1990.

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

(2) Award punitive damages against the insurer.

(3) Assess court costs and attorney fees against the insurer.

By its terms, the provision has general application to actions on insurance policies.

The provisions of 75 Pa.C.S. § 1797, however, have specific application to claims for first party benefits under the Motor Vehicle Financial Responsibility Law. It is these claims which are subject to the PRO procedure. In such cases, if it is determined by a PRO or a court that medical treatment or rehabilitative services or merchandise for which the claim is made were medically necessary, the insurer can be made to pay interest at the rate of twelve (12%) percent and/or attorney fees as set forth in 75 Pa.C.S. § 1797(b)(5) and (6). If the insurer's conduct was wanton, moreover, it can be made to pay treble damages. These remedies clearly are at variance with and in conflict with the general remedies set forth in 42 Pa.C.S. § 8371.

■ When a general statutory provision conflicts with a specific provision and the two are applicable to the same matter, the legislature has provided as follows at 1 Pa.C.S. § 1933.

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

The several sections of the statute here being examined cannot be reconciled. The damages specified by the legislature in the event of wanton or bad faith conduct by an insurer are different, and the rate of interest to be awarded is also different. The provisions of 75 Pa.C.S. § 1797 are narrowly limited to those situations in which a disputed claim is to be submitted to the PRO procedure. With respect to such claims, the procedure to be followed is set forth with specificity, and the remedy, whether the procedure is followed or not, is set forth with equal specificity. If the procedure is followed by an insurer, its liability cannot be greater than as therein set forth. If it follows the PRO procedure, it cannot be subjected to damages for bad faith.

Because the two provisions were enacted at the same time and cannot be reconciled, the specific provisions of 75 Pa.C.S. § 1797 must be deemed an exception to the general remedy for bad faith contained in 42 Pa.C.S. § 8371. The provisions of 75 Pa.C.S. § 1797 are to be applied to claims for first party benefits under the Motor Vehicle Financial Responsibility Law. Accord: *Danley v. State Farm Mutual Automobile Ins. Co.*, 808 F.Supp. 399, 401 (M.D.Pa.1992) (provisions of 75 Pa.C.S. § 1797 are impossible to reconcile with 42 Pa.C.S. § 8371, and courts have properly held that § 1797 provides exclusive remedy in auto insurance medical claim area.); *Gavaghan v. Replacement Rent–A–Car, Inc.*, 811 F.Supp. 1077, 1081 (E.D.Pa.1992) (42 Pa.C.S. § 8371 can apply to claims brought pursuant to MVFRL as long as such claims do not involve first party benefits.); *Elliott v. State Farm Mutual Automobile Ins. Co.*, 786 F.Supp. 487, 492–493 (E.D.Pa.1992).

For all of the foregoing reasons, we hold that this case was correctly decided by the trial court.

Order affirmed.