## Pierce v. State Farm Insurance Company

C.P. of Lackawanna County, no. 93 Civil 4799.

*Mark J. Powell,* for plaintiff.
*John J. Byrne,* for defendant.

COTTONE, *J.,* October 20, 1994—Before the court are preliminary objections to both counts of the plaintiff's complaint filed pursuant to Pa.R.C.P. 1028, Title 42 of Pennsylvania Consolidated Statutes by defendant, State Farm Insurance Company. The plaintiff opposes the objections. The parties have briefed their respective

positions and oral argument was held on August 4, 1994.

The plaintiff was involved in an auto accident on June 17, 1992, wherein she suffered various injuries. At the time of the accident she was insured by the defendant, State Farm. Following the accident, the plaintiff sought medical care from Allied Services Rehabilitation Hospital and G.R.P. Associates.

On February 5, 1993, the defendant contracted with a peer review organization, to challenge the Allied medical services. On March 29, 1993, the PRO, I-PRO of State College, issued its determination that services performed after November 20, 1992, were not medically necessary. Allied then requested a reconsideration of this determination, and the reconsideration echoed the original findings. The plaintiff did not request a reconsideration.

On March 17, 1993. the defendant contracted with Omni-Medicorp, another PRO, to challenge the G.R.P. services. On April 30, 1993, Omni-Medicorp issued its determination that the G.R.P. treatment could not be addressed because the services provided did not conform to professional standards. Based on this, State Farm refused to pay the G.R.P. bill. The plaintiff did not request a reconsideration of this determination.

As a result of the defendant's refusal to pay the bills of Allied and G.R.P., the plaintiff has filed the instant action. In Count I of her complaint she seeks payment of the medical expenses and in Count II seeks damages for bad faith under Title 42 of Pennsylvania Consolidated Statutes based on the defendant's alleged improper use of the peer review process. The defendant's preliminary objections to this complaint are threefold.

The defendant's first preliminary objection is to Count I of the complaint, in the form of a demurrer, asserting that the plaintiff has failed to state a claim on which

relief may be granted. According to the defendant, the plaintiff has failed to request reconsideration of both PRO decisions and, as a result, did not exhaust her statutory remedies before proceeding to a court of law. The defendant contends that the reconsideration of an adverse PRO determination is a prerequisite to court action.

The defendant's second preliminary objection to Count I is based on subject matter jurisdiction. The defendant relies on the grounds stated immediately above and maintains that, as a result of the plaintiff's failure to seek a reconsideration prior to filing suit, this court lacks subject matter jurisdiction to hear the plaintiff's action. As both of these preliminary objections are premised on the same theory, we will discuss them together.

This court's standard of review in passing upon a preliminary objection in the form of a demurrer is well-settled:

"All material facts set forth in the complaint as well as all [reasonable] inferences ... therefrom are admitted as true ... [t]he question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible.... Where doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." See *Muhammad v. Strassburger,* 526 Pa. 541, 547, 587 A.2d 1346, 1349 (1991), (citations omitted), *cert. denied,* 112 S.Ct. 196, 116 L.Ed.2d 156 (1991).

The PRO process is set out in section 1797(b) of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq. (Purdon 1994). Section 1797(b) provides that insurers can contract with a PRO in order to determine whether a claim for medical benefits should be paid or denied. The initial determination of the PRO may be reconsidered if requested by an insurer, medical services provider or the insured within 30 days of that determination.

The defendant argues that, because section 1797(b) provides for a reconsideration process, this step must be taken by the plaintiff prior to the institution of a lawsuit. However, based on the recent Pennsylvania Supreme Court decision of *Terminato v. Pennsylvania National Insurance Co.,* 538 Pa. 60, 645 A.2d 1287 (1994), we disagree.

*Terminato* involved a factual situation nearly identical to the instant case. There, the plaintiff did not seek reconsideration of an adverse PRO decision prior to filing a suit in court. The defendant argued that, because the plaintiff failed to request a reconsideration, she had not exhausted her administrative/statutory remedies. Justice Zappala, writing the opinion of the court, held that an insured is not required to request reconsideration of a PRO decision before proceeding to court.

He explained that the doctrine of the exhaustion of administrative remedies has no application to the PRO procedure. A PRO is not an administrative agency, a court of record or a tribunal authorized to resolve disputes arising out of insurance polices. A PRO is not entitled to the judicial deference afforded to administrative agencies because it is not a neutral body. Only an insurer participates in the PRO process, forming a contractual relationship lacking detachment and neutrality. The insurer pays for the PRO's services and the PRO has a strong financial incentive, lest business be sent elsewhere. At the same time, the PRO is not concerned with the insured's thoughts on the matter because they will not affect its future business. Therefore, a PRO does not have the characteristics of an independent body for which the legislature intended judicial deference.

The *Terminato* decision goes on to state that section 1797(b) does not empower a PRO to serve as a forum to resolve disputes between the insured and the insurer.

The PRO process is a mechanism through which an insurer may seek professional assessment of medical care in order to determine how to act on a claim. Section 1797(b) is a cost containment provision, not an alternative dispute resolution procedure. Justice Zappala, therefore, held that the legislature did not intend to impose reconsideration of the PRO determination as a precondition to the judicial resolution of a private contractual dispute.

We agree with the reasoning of *Terminato*. An insured does not need to seek reconsideration of an adverse PRO decision prior to proceeding to court. As such, the plaintiff has, indeed, stated a claim upon which relief may be granted, and we do have subject matter jurisdiction to hear her claim for medical benefits. Thus, the defendant's first two preliminary objections, to Count I, are denied.

The third and final preliminary objection refers to Count II of plaintiff's complaint and involves whether a claim for bad faith under Section 8371 of the Judicial Code, 42 Pa.C.S. §101 et seq. (Purdon 1994), can be raised in a complaint together with a claim for medical benefits under the MVFRL, 75 Pa.C.S. §1797(b).

The defendant asserts that the MVFRL and 42 Pa.C.S. §8371 conflict, and it is improper to join the claims. Defendant maintains that this court should dismiss Count II of plaintiff's complaint for failure to state a cause of action upon which relief can be granted—a demurrer.

In considering a preliminary objection in the form of a demurrer, this court will accept as true all material facts alleged in the complaint and all inferences reasonably deducible therefrom.

Plaintiff, Pearl Pierce, contracted with State Farm to provide first party benefits in June of 1992. State Farm paid for plaintiff's medical treatment provided by Allied and G.R.P. up to November 20, 1992.

In March of 1993, State Farm contracted with Omni-Medicorp, a PRO, to review medical services provided to the plaintiff by G.R.P. Plaintiff avers that State Farm, through Medicorp, attempted to establish the causation of plaintiff's injuries and not whether the treatment was reasonable and necessary. Plaintiff avers also that State Farm used Medicorp's causation determination to deny plaintiff payment for certain medical treatment.

Section 1797(b) of the MVFRL allows an insurer to retain a PRO to ascertain only that treatment conforms to professional standards of performance and is medically necessary. The insurer may not use the PRO to determine whether or not the medical treatment was causally related to a particular accident. See *Scott v. Pennsylvania Millers Mutual Insurance Co.,* no. 145-E 1991 (Luzerne Co. Oct. 14, 1992), *petition for review denied,* no. 27 M.D.E. 1993 (Pa. Super. June 8, 1993)).

Hence, accepting the facts as alleged, State Farm attempted to use the PRO process to make a causation determination without express statutory authority allowing them to do so. State Farm subsequently used that same causation determination to deny first party medical benefits to plaintiff.

We agree with the logical and well-reasoned opinion concerning similar facts authored by the Honorable Jolene Grubb Kopriva, Judge of the Court of Common Pleas in Blair County, who opined in *Bopp v. Allstate, infra,* "[d]isputes regarding causation of the injury for which payment is refused are not covered under [75 Pa.C.S.] section 1797. Therefore, there is no conflict and the [42 Pa.C.S. §8371] bad faith action is not barred." See *Bopp v. Allstate Insurance Co.,* no. 93-1790, p. 5 (Blair Co. Pa., filed Feb. 2, 1994). Judge Kopriva added "[w]e find the question of causation is not covered by section 1797. Therefore, the claim under section 8371 may not be dismissed as there is not conflict between the two sections on these facts." *Id.* at p. 5.

State Farm relies primarily on the Superior Court's *Barnum* decision where it was held that "[i]f [the insurer] follows the PRO procedure, it cannot be subjected to damages for bad faith." *Barnum v. State Farm Mutual Automobile Insurance Co.,* 430 Pa. Super. 488, 496, 635 A.2d 155, 159 (1993). We see no conflict with *Barnum,* however, because in the instant case, State Farm did not appropriately follow the PRO procedure when they used Omni-Medicorp's causation determination to deny first party medical benefits to plaintiff. Indeed, State Farm's action was outside of, and in addition to, the PRO statutory framework as designed by the General Assembly. Therefore, there is no conflict and both claims are allowed to proceed.

In closing, we believe that plaintiff should be allowed to proceed under section 8371 and the MVFRL. Disallowing plaintiffs to go forward under section 8371 because their medical claims were given to a PRO for review, would remove from the courts their responsibility of providing the insured (and medical services professionals) a forum for bad faith claims whenever the PRO system is involved—even if the PRO system is invoked improperly. The net effect of this would be that the PRO system would serve as an umbrella under which insurance companies could always be insulated from section 8371 sanctions. Section 8371 is designed to protect the insured from bad faith on the part of the insurance providers, irrespective of whether or not the bad faith action occurs after the insurance company chooses to use the PRO system.

As such, defendant's preliminary objection to Count II of plaintiff's complaint is not granted.

An appropriate order is attached.

### ORDER

Now, October 20, 1994, this court having heard the arguments of counsel, and having read the memoranda

filed by them, and having considered the pleadings and all papers relevant thereto, it is hereby ordered and decreed that the defendant's preliminary objections are denied. Defendant is allowed 20 days in which to answer plaintiff's complaint.