**Cacchiotti v. Material Damage Adjustment Corp.**

C.P. of Dauphin County, no. 4759 S 1995.

*Michael E. Kosik,* for plaintiff.
*Terrianne Benedetto,* for defendants.

*EN BANC,* KLEINFELTER, LEWIS, CLARK, *JJ.*

CLARK, *J.,* June 17, 1996—This court has been presented with defendants' preliminary objections in the nature of a demurrer to Counts I and II of plaintiff's complaint. Prior to oral argument before an en banc panel of this court, plaintiff agreed to withdraw the claim set forth in Count I against defendant Material Damage Adjustment Corporation. Therefore, the preliminary objection to Count I is no longer at issue. However, it is unclear in plaintiff's brief whether she also agreed to dismiss MDA from the action outlined in Count II. Due to the uncertainty, the allegations against MDA in this count shall be considered active. The only issue to be addressed by the court is defendants' preliminary objection to Count II of the complaint.

This action arises from an incident which occurred on September 23, 1994. Plaintiff Mary Cacchiotti was involved in a motor vehicle accident in which she sustained injuries requiring medical treatment. During this time, she was covered by an automobile insurance policy issued by defendant, the Insurance Company of the State of Pennsylvania. The policy provided coverage for $5,000 in first party medical benefits.

The insurance carrier issued payment for the medical bills plaintiff incurred from the date of the accident through April 20, 1995. Thereafter, defendant requested a review of plaintiff's medical expenses to determine the need for future treatment. The reviewer concluded

that any therapy received by her after April 20, 1995 was unreasonable and unnecessary. Based on the reviewer's report, the insurer denied payment for all subsequent treatment.

Following the denial of payment, plaintiff filed the instant action to challenge the appropriateness of having her treatment records submitted to a Peer Review Organization. Count I of the complaint sets forth a cause of action under 75 Pa.C.S. §§1716, 1797 and 1798 of Pennsylvania's Motor Vehicle Financial Responsibility Law. Whereas, Count II avers a cause of action under 42 Pa.C.S. §8371 of the Judicial Code.

In ruling on defendants' preliminary objection in the nature of a demurrer, all well-pleaded facts in the complaint and all inferences reasonably deducted therefrom must be accepted as true. *Wurth by Wurth v. City of Philadelphia,* 136 Pa. Commw. 629, 584 A.2d 403 (1990). Preliminary objections shall be sustained only in cases that are clear and free from doubt. *Bower v. Bower,* 531 Pa. 54, 57, 611 A.2d 181, 182 (1992). In matters where it appears with certainty that the law does not permit recovery under the allegations pleaded, a demurrer will be sustained. *Foster v. Health Market Inc.,* 146 Pa. Commw. 156, 162, 604 A.2d 1198, 1201 (1992). However, if the complaint pleads sufficient facts which, if believed, would entitle the petitioner to relief under any theory of law, then the demurrer must be denied. *Wilkinsburg Police Officers Association By and Through Harder v. Commonwealth,* 535 Pa. 425, 431, 636 A.2d 134, 137 (1993).

Defendants object to Count II on the basis that 42 Pa.C.S. §8371 of the Judicial Code does not support a cause of action for the denial of first party medical benefits. Defendants contend an insured is limited to the remedies provided in the MVFRL when presenting a claim for first party benefits and/or bad faith based on a denial of such benefits. In support of their position,

defendants rely upon the reasoning of the Pennsylvania Superior Court in *Barnum v. State Farm Mutual Automobile Insurance Company,* 430 Pa. Super. 488, 635 A.2d 155 (1993), *rev'd and remanded,* 539 Pa. 673, 652 A.2d 1319 (1994). In *Barnum,* the insured was injured in an automobile accident while he was covered by an insurance policy issued by State Farm Mutual Automobile Insurance Company. He received treatment for his injuries and made a claim against his carrier for first party medical benefits. State Farm submitted a portion of his medical expenses to a PRO, which concluded that certain treatment was unnecessary. As a result, State Farm denied payment of the bills. Without seeking reconsideration of the PRO, the insured filed suit pursuant to 42 Pa.C.S. §8371 of the Judicial Code. State Farm then filed preliminary objections on the basis that (1) the insured failed to exhaust his statutory remedy and request a PRO reconsideration and (2) 42 Pa.C.S. §8371 of the Judicial Code did not apply to claims involving first party benefits available under the MVFRL. The trial court agreed with State Farm's position and dismissed the complaint.

On review by the Pennsylvania Superior Court, it was determined in *Barnum* that an insured must pursue reconsideration of an unfavorable PRO decision before commencing an action in court. This conclusion was reached in light of the court's previous decision in *Terminato v. Pennsylvania National Insurance Company,* 422 Pa. Super. 92, 618 A.2d 1032 (1993), *rev'd,* 538 Pa. 60, 645 A.2d 1287 (1994), which required the insured to exhaust the available administrative remedies and seek reconsideration prior to filing suit.

Additionally, the Superior Court held the insured could not pursue a claim for bad faith under 42 Pa.C.S. §8371 for a denial of first party benefits since 75 Pa.C.S. §1797 of the MVFRL provides a specific remedy. The

court reasoned the remedies outlined in 75 Pa.C.S. §1797 are at variance with and in conflict with the general remedies provided in 42 Pa.C.S. §8371. In instances where a general statutory provision conflicts with a specific provision and the two are irreconcilable, the special provision shall be construed as an exception to the general provision, unless the general provision was enacted later than the special provision. 1 Pa.C.S. §1933. Accordingly, 75 Pa.C.S. §1797 was construed as an exception to 42 Pa.C.S. §8371 and insureds were limited to those remedies provided by section 1797 when seeking redress from claims based on a denial of first party benefits.

Shortly after the above rulings were issued, the Pennsylvania Supreme Court had the opportunity to review the Superior Court's decision in *Terminato*. It reversed the holding and ruled that reconsideration of a PRO decision was not a prerequisite for filing an action in the courts. In consideration thereof, the Supreme Court also reversed *Barnum*. As a result, there are no known Pennsylvania appellate decisions directly addressing the issue at hand.

However, the present court had an opportunity to recently review the issue and render a decision in *Signor v. United States Fidelity and Guaranty Co.,* 115 Dauph. 279 (1995). In this case, the insured suffered personal injuries as a result of a motor vehicle accident. At the time, she was covered by a policy of insurance issued by United States Fidelity and Guaranty Co. She received treatment for her injuries and submitted the bills to USF&G for payment. Instead of honoring the bills, USF&G referred her medical expenses to a PRO, which concluded the treatment was unnecessary. On this basis, USF&G denied payment. The insured requested a reconsideration of the PRO, which confirmed the initial

conclusions. The insured then filed suit alleging a cause of action under 42 Pa.C.S. §8371 for statutory bad faith. USF&G responded by filing preliminary objections and requested the action be stricken from the complaint.

Following the reasoning of the Superior Court in *Barnum,* this court dismissed the statutory bad faith action. Although *Barnum* was not able to serve as precedential authority, this court was "persuaded by its reasoning in its discussion of 42 Pa.C.S. §8371 and 75 Pa.C.S. §1797 and [was] convinced that the Superior Court [would] not change its position regarding this issue when it [was] again called upon to decide the same." *Id.,* 115 Dauph. at 282-83.

On the above basis, it was held that "an insured [could not] seek damages under section 8371 when they [have] only alleged that the act of submitting bills to a PRO for review constitutes bad faith. . . . the insured would have to allege some misconduct on the part of the insurance company before the bills were submitted to the PRO in order to maintain a claim for damages under both 42 Pa.C.S. §8371 and 75 Pa.C.S. §1797." *Id.,* 115 Dauph. at 283.

In attempting to preserve her cause of action, plaintiff relies upon the preceding language of *Signor* and argues that the Insurance Company of Pennsylvania acted improperly when it referred her bills to a PRO. She alleges the company failed to adhere to insurance department regulations and follow the appropriate standard when making its referral to a PRO. She maintains that a prudent person familiar with the PRO procedures, standards, and practices would not have believed it necessary to submit her expenses to a PRO to determine the reasonableness or necessity of her care. On this basis alone, plaintiff asserts her carrier acted in bad faith.

In light of the authority cited herein, the claim for bad faith must fail. While it appears that the decision in *Signor* left an opening to pursue a claim for damages under 75 Pa.C.S. §1797 and 42 Pa.C.S. §8371, plaintiff did not sufficiently establish misconduct on behalf of the insurance company before her bills were submitted to a PRO. Even though plaintiff contends insurance department regulations were violated, she still is only asserting the act of submitting the bills to a PRO constituted bad faith. A cause of action under 42 Pa.C.S. §8371 cannot only be based on the contention that a carrier acted in bad faith by referring bills to a PRO where the insured believes there was no reasonable basis for the bills to be reviewed. *Signor* clearly points out that the allegations must be more substantial to support such a claim. Accordingly, Count II of the complaint must be dismissed.

## ORDER

And now, June 17, 1996, in connection with the attached opinion, the preliminary objection in the nature of a demurrer filed on behalf of defendants Material Damage Adjustment Corporation and the Insurance Company of Pennsylvania to Count II of the complaint is hereby granted.