## Evans v. State Farm Insurance Co.

194

C.P. of Elk County, no. 95-100.

*Bernard J. Hessley,* for plaintiffs.
*Bradley J. Kraus,* for defendant.

ROOF, *P.J.,* October 3, 1997—Presently before the court for disposition are defendant's preliminary objections to plaintiffs' complaint.

## STATEMENT OF FACTS/
## PROCEDURAL HISTORY

Plaintiff Maureen Evans received medical treatment after she was injured in an automobile accident on February 6, 1993. Payment for her medical care was to be provided by defendant pursuant to the first party benefit coverage in plaintiffs' insurance policy. At some point during Mrs. Evans' treatment, defendant requested a peer review and received a determination from the peer review organization that any medical care rendered to Mrs. Evans after January 1, 1994, was unnecessary. According to said peer review, Mrs. Evans had regained her pre-injury condition by that date.

On February 2, 1995, plaintiffs commenced this action against defendant requesting that the court direct defendant to pay all fees for medical treatment, services and merchandise on or after January 1, 1994, to the present as the same were reasonable and necessary and, further, to direct defendant to pay punitive damages and attorneys' fees, interests and costs presumably pursuant to 42 Pa.C.S. §8371 which provides for special damages when an insurer acts in bad faith.

Defendant filed preliminary objections in the nature of a demurrer asking that the court dismiss that portion of plaintiffs' complaint alleging bad faith or punitive damages, as the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq. is the exclusive remedy for an insured. Final ruling on said preliminary objections was stayed by order of court dated April 17, 1995, pending decision by the Supreme Court in *Barnum v. State Farm Mutual Automobile Insurance Company*, 430 Pa. Super. 488, 635 A.2d 155 (1993), which decision would have a direct impact on this court's ruling in the above-captioned case.

The defendant filed a petition to lift the stay on August 14, 1997, as the Supreme Court had issued a ruling in *Barnum*. Argument on defendant's petition was held September 22, 1997, at which time the parties also argued the merits of the defendant's preliminary objections. At time of argument, defendant also raised, and the parties argued, the issue of standing with regard to plaintiffs' ability to bring this action as an insured. Defendant's petition was granted and the stay lifted on September 23, 1997, and for the following reasons, the defendant's preliminary objections are granted.

## DISCUSSION

We find not only that the MVFRL is the exclusive remedy for first party medical claims and that section 8371 is inapplicable to the instant matter but also that the plaintiffs lack standing to bring an action against the defendant.

Section 1797(b) of the MVFRL allows insurers to utilize PROs to determine if medical treatment provided to a person injured in a car accident is reasonable and necessary. Subsection (b) further provides for the following:

"(2) PRO reconsideration.—An insurer, provider or insured may request reconsideration by the PRO of the PRO's initial determination. Such a request for reconsideration must be made within 30 days of the PRO's initial determination. . . .

"(3) Pending determinations by PRO.—If the insurer challenges within 30 days of receipt of a bill for medical treatment or rehabilitative services, the insurer need not pay the provider subject to the challenge until a determination has been made by the PRO. The insured may not be billed for any treatment, accommodations, products or services during the peer review process.

"(4) *Appeal to court.*—A provider of medical treatment or rehabilitative services or merchandise or an insured may challenge before a court an insurer's refusal to pay for past or future medical treatment or rehabilitative services or merchandise, *the reasonableness or necessity of which the insurer has not challenged before a PRO.* Conduct considered to be wanton shall be subject to payment of treble damages to the injured party.

"(5) *PRO determination in favor of provider or insured.*—If a PRO determines that medical treatment or rehabilitative services or merchandise were medically necessary, the insurer must pay to the provider the outstanding amount plus interest at 12 percent per year on any amount withheld by the insurer pending PRO review.

"(6) *Court determination in favor of provider or insured.*—If, pursuant to paragraph (4), a court determines that medical treatment or rehabilitative services or merchandise were medically necessary, *the insurer must pay to the provider the outstanding amount plus interest at 12 percent, as well as the costs of the challenge and all attorney fees. . . .*" (emphasis added)

Under subsection (b)(4), an insured can only bring a court action requesting payment of first party medical benefits when the insurer has not challenged the reasonableness or necessity of treatment before a PRO. Instantly, the defendant (insurer) did challenge Mrs. Evans' (insured) medical treatments before a PRO, which determined that any treatments after January 1, 1994, were not reasonable or necessary. Therefore, it appears that under the terms of the MVFRL, plaintiffs

lack standing to challenge defendant's failure to pay for medical services provided after January 1, 1994.

Further, we also adopt the reasoning set forth in *Kuropatwa v. State Farm Mutual Automobile Insurance Co.*, 29 D.&C.4th 494, 497-500 (1994), *affirmed*, 454 Pa. Super. 714, 685 A.2d 1050 (1996), where the court stated the following:

"[A] person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no standing to obtain a judicial resolution of his challenge. . . .

"The requirements of the formulation of the standing test are that an interest be 'substantial,' 'direct,' 'immediate' and 'not a remote consequence of the judgment.' An evaluation of the presence of these elements will determine whether the interest asserted renders a litigant 'aggrieved.'. . .

"In the present case, [plaintiff] has alleged no facts which demonstrate that she has or will have a direct, immediate, and substantial interest in [defendant's] denial of payment of her health care provider's bills. . . . According to the amended complaint, the only parties aggrieved by the nonpayment of the medical bills are the two named providers . . . .

"Plaintiff also has no standing to challenge decisions made pursuant to Act VI of the . . . (MVFRL) . . . The current statute completely removes the insured from the billing process. Specifically, section 1797(a) of the Act states:

" 'Providers subject to this section may not bill the insured directly but must bill the insurer for a determination of the amount payable. The provider shall

not bill or otherwise attempt to collect from the insured the difference between the provider's full charge and the amount paid by the insurer.'

"Additionally, section 1979(b)(7) provides: 'If it is determined by a PRO or court that a provider has provided unnecessary medical treatment . . . the provider may not collect payment for the medically unnecessary treatment. . . . If the provider has collected such payment, it must return the amount paid plus interest. . . . In no case does the failure of the provider to return the payment obligate the insured to assume responsibility for payment for the treatment.'

"Clearly, under Act VI, any interest that a patient would otherwise have in payment of a health care provider's medical bills is eliminated. In fact, if a challenge is to be made to [defendant's] denial of payment of medical bills, only the health care providers, who have a direct, pecuniary interest in having their bills satisfied, may allege sufficient injury to have standing to sue under these circumstances.

"Additionally, plaintiff fails to allege or even suggest that the nonpayment of her medical bills prompted the health care providers to refuse future treatment of her. Moreover, these potential consequences are far too remote to award plaintiff standing to sue under Act VI." (citations omitted)

Likewise, plaintiffs sub judice have no legal interest sufficient to invoke standing in the payment of their health provider's medical bills. Further, while plaintiffs allege that it is "difficult if not impossible for . . . plaintiff to secure medical care . . . for their injuries or for unrelated medical treatment, services and mer-

chandise" from their health care providers since under the MVFRL an insured is not responsible for payment of the same, plaintiffs have failed to allege or aver specific instances where treatment or services have been withheld from Mrs. Evans because of the PRO determination.

We therefore find that plaintiffs lack standing to institute an action against the defendant for payment of medical services when the defendant has followed the procedures outlined in the MVFRL with regard to peer review and when plaintiffs have alleged no direct, immediate or substantial interest in defendant's failure to pay their providers for treatment and services deemed medically unnecessary.

Finally, with regard to plaintiffs' request for punitive damages, costs and attorneys' fees pursuant to 42 Pa.C.S. §8371, the same must fail as the MVFRL is their exclusive remedy. Section 8371 states the following:

"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

"(a) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3 percent.

"(b) Award punitive damages against the insurer.

"(c) Assess court costs and attorney fees against the insurer."

While section 8371 would appear to permit a bad faith cause of action in the instant matter, such actions are precluded by the remedies available under the MVFRL. See *Kuropatwa, supra*. Referring to the *Barnum* case, the *Kuropatwa* court stated:

"The Pennsylvania Superior Court ruled that the remedies provided under section 1797(b) of the MVFRL were the only remedies permitted for first party medical claims. The court reasoned because the two statutes could not be reconciled, the specific remedies set forth at section 1797(b) should prevail over the more general remedy of bad faith damages under 42 Pa.C.S. §8371. This decision adheres to a fundamental rule of statutory construction, regarding statutory conflicts. 1 Pa.C.S. §1933. 'If the conflict between the two provisions is irreconcilable the special provisions shall prevail and shall be construed as an exception to the general provision [of giving effect to both when possible].' " *Id.* at 502. (citations omitted)

The *Kuropatwa* court also noted that the Supreme Court reversed the Superior Court's decision but "only on the issue of the necessity for seeking reconsideration before filing a court action and remains the controlling precedent on the issue of extra contractual relief under the MVFRL." *Id.* at 502-503. Although the decision in *Kuropatwa* was affirmed without a published opinion, we rely on the lower court's well-reasoned decision, finding it extremely persuasive, if not binding, and dismiss plaintiffs' claim for punitive damages, costs and attorney fees.

Based on the foregoing, we enter the following:

## ORDER

And now, October 3, 1997, upon consideration of defendant's preliminary objections, argument and briefs, and consistent with the accompanying memorandum opinion, it is ordered and decreed that the preliminary objections are sustained, and the plaintiffs' complaint is dismissed with prejudice.