**HERD CHIROPRACTIC CLINIC, P.C., Appellee**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued April 13, 2011.

Filed Aug. 23, 2011.

Gary A. Drakas, King of Prussia, for appellant.

Robert F. Claraval, Harrisburg, for appellee.

BEFORE: PANELLA, LAZARUS and OTT, JJ.

OPINION BY LAZARUS, J.:

State Farm Mutual Automobile Insurance Company ("State Farm") appeals from the judgment entered in the Court of Common Pleas of Dauphin County in favor of Herd Chiropractic Clinic, P.C. ("Herd"). We affirm.

Miriam Mitten suffered injuries following a car accident. In addition to other medical treatment, Mitten sought chiropractic care at Herd. State Farm submitted bills to a peer review organization (PRO) with respect to the chiropractic treatment, pursuant to section 1797 of the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S.A. § 1797. *See Terminato v. Pennsylvania Nat. Ins. Co.*, 538 Pa. 60, 645 A.2d 1287 (1994) (peer review process under MVFRL is mechanism through which insurer may seek professional assessment of reasonableness and necessity of medical treatment in order to independently determine whether claim should be paid or denied; it assists insurers in making informed decision regarding medical claim by mandating review by medical professional when claim is challenged by insurer). Based upon the peer review decision that the chiropractic treatments were not medically necessary or reasonable, State Farm refused to pay for certain treatments.

■ Herd filed suit against State Farm, seeking unpaid medical expenses, as well as attorneys' fees and treble damages. Following a non-jury trial, the trial court allowed unpaid medical expenses ($1,380.68), but disallowed treble damages and attorneys' fees. Herd filed a motion for reconsideration, which the trial court granted. After reconsideration, the trial court awarded attorneys' fees of $27,047.50. State Farm filed this appeal and now raises three issues for our review:[1]

(1) Whether an error of law was committed where the Court of Common Pleas interpreted the case law and statutory framework of Act 6, including 75 Pa.C.S. § 1797 and the regulations pertaining to Act 6 (including 31 Pa.Code § 69.51 *et seq.*), to allow imposition of attorneys fees even though it was held that "State Farm had complied in all material respects with Act 6's requirements in conducting a peer review of Herd Chiropractic's billings at issue in this case." Opinion at 4.

(2) Whether an error of law was committed where the Court of Common Pleas failed to recognize and follow the mandatory authority of the Superior Court's opinion in *Barnum v.*

*State Farm* [430 Pa.Super. 488], 635 A.2d 155 (1993), *reversed on other grounds,* [539 Pa. 673] 652 A.2d 1319 (Pa.1994), disallowing attorney's fees where an insurer follows the peer review process.

(3) Whether the court erred or abused its discretion where the court limited the testimony of former Insurance Commissioner, Constance Foster, to whether State Farm's conduct was "wanton," and did not permit Ms. Foster to testify concerning the history and regulatory intent of Act 6; Act's intention of limiting recovery to the outstanding bills plus interest where an insurer complies with the peer review process.

■ This case involves statutory construction of the amendments to the MVFRL, 75 Pa.C.S. § 1701 *et seq.,* known as Act 6, and, in particular, section 1797.[2] Where issues on appeal address questions of law, our scope of review is plenary. *Kvaerner Metals Division of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.,* 589 Pa. 317, 908 A.2d 888 (2006). Our standard of review is whether the court committed an error of law. *Andaloro v. Armstrong World Industries, Inc.,* 799 A.2d 71, 78 (Pa.Super.2002).

■ The provisions of section 1797 are narrowly limited to those situations where a disputed claim is submitted to the peer review process. With respect to such claims, the peer review process is set forth with specificity, and the remedy, whether the procedure is followed or not, is set forth with equal specificity. If the peer review process is followed by an insurer, the insurer cannot be liable for damages for bad faith. *See Barnum v. State Farm,*

430 Pa.Super. 488, 635 A.2d 155, 157 (1993), *reversed on other grounds,* 539 Pa. 673, 652 A.2d 1319 (1994).

Here, the trial court determined that chiropractic care was reasonable and necessary for Mitten's ongoing pain and, therefore, the court ordered payment of those bills. The court found State Farm had complied with the peer review process and thus denied treble damages for bad faith, but allowed attorneys' fees. We find no error. The fact that State Farm adhered to the peer review procedure does not mean that attorneys' fees are precluded if a court determines on review that the care was medically necessary.

The statute provides in part:

(b) Peer review plan for challenges to reasonableness and necessity of treatment.—

\*　　\*　　\*

(4) **Appeal to court.**—A provider of medical treatment or rehabilitative services or merchandise or an insured may challenge before a court an insurer's refusal to pay for past or future medical treatment or rehabilitative services or merchandise, the reasonableness or necessity of which the insurer has not challenged before a PRO. Conduct considered to be wanton shall be subject to a payment of treble damages to the injured party.

(5) **PRO determination in favor of provider or insured.**—If a PRO determines that medical treatment or rehabilitative services or merchandise were medically necessary, the insurer must pay to the provider the outstanding amount plus interest at 12% per year on

---

2. The PRO reviews and evaluates medical treatment or services "for the purpose of confirming that such treatment, products, services or accommodations conform to the professional standards of performance and are medically necessary." 75 Pa.C.S. § 1797(b)(1). *See Kuropatwa v. State Farm Ins. Co.,* 554 Pa. 456, 721 A.2d 1067 (1998).

any amount withheld by the insurer pending PRO review.

(6) **Court determination in favor of provider or insured.**—If, pursuant to paragraph (4), a court determines that medical treatment or rehabilitative services or merchandise were medically necessary, the insurer must pay to the provider the outstanding amount plus interest at 12%, *as well as the costs of the challenge and all attorney fees.* 75 Pa.C.S.A. § 1797(b) (emphasis added).

Under section 1797(b)(4), any party adversely impacted by a peer review decision may seek recourse before a court. And, under section 1797(b)(6), if the court determines treatment was medically necessary, the insurer must pay the outstanding amount to the provider, plus interest "as well as the costs of the challenge and all attorney fees." 75 Pa.C.S.A. § 1797(b)(6). State Farm argues, however, that the purpose of the amendments was cost-containment, and thus recovery of attorneys' fees is precluded if the peer review procedure was followed. A plain reading of the statute, however, does not bear this out. There is nothing in the language of the statute that specifically precludes attorneys' fees where a peer review decision is challenged and the court finds the treatment reasonable and necessary. We, therefore, agree with the trial court's determination on reconsideration that an award of attorneys' fees was proper.

Further, and contrary to State Farm's argument, the *Barnum* case is not dispositive. *Barnum* held that, where the peer review process is followed, the insurer cannot be liable for treble damages for bad faith. It did not address the issue of attorneys' fees.

■ Finally, State Farm's claims that the court abused its discretion in limiting the testimony of Constance Foster, the former Insurance Commissioner. In fact, Herd's counsel had motioned to preclude Foster's testimony entirely. N.T. Trial, 7/14/2009, at 302. This motion was denied subject to the court's limitation of Foster's testimony to the "wanton" issue and to regulatory expertise. *Id.* at 306. State Farm did not object to the court's limitation of Foster's testimony. Rather, counsel for State Farm stated:

Counsel: Your Honor, to the issue of wanton conduct, the complaint speaks in terms of a peer review. The allegations in the complaint is [sic] that there is a peer review because there hasn't by utilization of national and regional norms [sic]. It's an invalid peer review. Certainly the expert testimony is gainful for the Court to hear to the extent that if there is an allegation of wanton conduct, which resulted in [treble] damages, that Ms. Foster can testify as to whether or not in her expert opinion this is a sham peer review based on her interpretation.

The Court: I already said I'll accept it for that one limited purpose.

Counsel: **And that's all it's intended for.**

*Id.* at 307 (emphasis added). We conclude, therefore, that State Farm has waived this claim. *See* Pa.R.A.P. 302; *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114, 116–17 (1974) (issues not raised by timely objection at trial are waived for purposes of appeal).

Judgment affirmed.