

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-1994

# Gemini v. State Farm Ins. Co.

Precedential or Non-Precedential:

Docket 94-1395

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"Gemini v. State Farm Ins. Co." (1994). *1994 Decisions.* Paper 193.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/193

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

_____

NO.  94-1395
_____


GEMINI PHYSICAL THERAPY AND REHABILITATION, INC.,
                                           Appellant

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
_____


Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. No. 91-cv-00013
_____


Argued September 19, 1994
Before:  SCIRICA, ROTH, and ROSENN, <u>Circuit Judges</u>
Opinion Filed November 16, 1994
_____


DAVID S. DESSEN, ESQUIRE (Argued)
Dessen, Moses & Sheinoff
1814 Chestnut Street
Philadelphia, PA  19103
  Attorneys for Appellant

EARL T. BRITT, ESQUIRE (Argued)
MARK P. HARBISON, ESQUIRE
Britt, Hankins, Schaible & Moughan
Two Penn Center, Suite 515
Philadelphia, PA  19102
  Attorneys for Appellee
_____


OPINION OF THE COURT


ROSENN, <u>Circuit Judge</u>.

        Gemini Physical Therapy and Rehabilitation, Inc.

("Gemini") is a health care provider who treated various

individuals who were injured in automobile accidents and insured by State Farm Mutual Automobile Insurance Company ("State Farm"). Gemini and other health care providers who are no longer parties to this action ("the plaintiffs") filed a complaint in the United States District Court for the Eastern District of Pennsylvania.[1] The plaintiffs claimed to be the assignees of the insureds' rights under their automobile insurance policies, and alleged that State Farm unreasonably refused to pay the insureds' bills in full in violation of the insureds' contracts and the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. § 1701 et seq. ("MVFRL"). The complaint sought payment in full, compensatory and punitive damages for tortious interference with contractual relations, and punitive damages pursuant to 42 Pa. C.S. § 8371.

State Farm filed a motion to dismiss plaintiffs' claims for punitive damages under 42 Pa. C.S.A § 8371 and for intentional interference with contractual relations, which the district court granted. The plaintiffs subsequently filed a first amended complaint which included new claims pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, et seq. ("CPL"). The district court granted State Farm's motion to dismiss the plaintiffs' CPL claims for lack of standing.

---

[1]. The district court dismissed the claims of certain plaintiffs for lack of subject matter jurisdiction, and dismissed the other claims without prejudice for misjoinder.

Plaintiffs filed a second amended complaint.  State Farm filed a motion for partial summary judgment seeking dismissal of all breach of contract claims under the MVFRL for reimbursement of medical bills submitted to State Farm after April 15, 1990, because of plaintiffs' alleged failure to exhaust their remedies under the MVFRL.  The district court denied the motion.  State Farm renewed its motion for partial summary judgment in light of a recent Pennsylvania Superior Court decision in Terminato v. Pennsylvania Nat'l Ins. Co., 618 A.2d 1032 (Pa. Super. 1993), rev'd and remanded 645 A.2d 1287 (Pa. 1994).  The district court granted the motion and dismissed all claims for reimbursement of medical bills submitted to State Farm after April 15, 1990.

In a bifurcated trial, the jury returned a verdict in favor of State Farm, finding that none of the treatment rendered by Gemini to the State Farm insureds was medically necessary. The district court denied Gemini's motion for a new trial. Gemini filed a timely appeal from those parts of the district court's orders dismissing Gemini's claim for punitive damages and intentional interference with contract claims, dismissing its claim under the CPL, and granting partial summary judgment for State Farm.  We affirm in part and reverse in part.

I.

As a preliminary matter, State Farm concedes that in light of the Pennsylvania Supreme Court's recent decision in Terminato v. Pennsylvania Nat'l. Ins. Co, 645 A.2d 1287 (Pa. 1994), the order of the district court granting State Farm's

motion for partial summary judgement must be vacated.  In
Terminato, the court held that exhaustion of Peer Review
Organization procedures under the MVFRL is not a prerequisite of
bringing suit in a court of law for nonpayment of medical bills.
Therefore, we will remand this case for a trial on Gemini's
breach of contract claims under the MVFRL for reimbursement of
medical bills submitted to State Farm after April 15, 1990.

II

Gemini's challenges primarily involve legal
determinations by the district court, and therefore we exercise
plenary review.  See Louis W. Epstein Family Partnership v. KMart
Corp., 13 F.3d 762, 766 (3d Cir. 1994).    Gemini first argues
that it has a valid claim under the Pennsylvania Unfair Trade
Practices and Consumer Protection Law, 73 P.S. §§ 201-1, et seq.
The CPL provides in pertinent part:

> Any person who purchases or leases goods or
> services primarily for personal, family or
> household purposes and thereby suffers any
> ascertainable loss of money or property, real
> or personal, as a result of the use or
> employment by any person of [unfair or
> deceptive acts or practices] may bring a
> private action, to recover [damages].

73 P.S. § 201-9.2(a).

The district court dismissed Gemini's claims under the
CPL because it lacked standing.  The court reasoned that Gemini,
a provider of health care to purchasers of insurance policies, is
not a member of the class protected by the statute.  It rejected
Gemini's argument that it has standing by virtue of its status as
assignee under the insurance policies.  The court held that

Gemini is only an assignee of the limited right to receive payment under the policies.

The CPL contemplates as the protected class only those who purchase goods or services, not those who may receive a benefit from the purchase. See Zerpol Corp. v. DMP Corp., 561 F. Supp. 404, 415 (E.D.Pa. 1983) (dismissing corporate plaintiff's claim because private cause of action under the CPL is limited to purchasers or lessors of goods used primarily for personal, family, or household purposes). Accord Klitzner Industries Inc. v. H.K. James & Co., 535 F. Supp. 1249, 1258 (E.D.Pa. 1982); Permagrain Products, Inc. v. U.S. Mat & Rubber Co., 489 F. Supp. 108, 111 (E.D.Pa. 1980). Although Gemini may have been indirectly injured, it is not a purchaser or consumer of goods or services under the CPL and therefore has no private right of action under the statute.

Gemini relies on Hedlund Manufacturing Company v. Weiser, Stapler & Spivak, 539 A.2d 357 (Pa. 1988) in support for its argument that the insureds' CPL claims are assignable. In Hedlund, the Pennsylvania Supreme Court acknowledged Pennsylvania's well-established policy of permitting causes of actions to be assigned and held that a claim for damages based upon legal malpractice is assignable. This case is distinguishable for two reasons. First, Gemini has sued under a specific statute intended to restrict fraud against consumers. However, Gemini is a commercial purchaser of the insureds' claims; its complaint does not allege that it is a purchaser or consumer of goods or services from State Farm. Second, in

Hedlund, the assignor expressly "assigned all rights and causes of action" pursuant to a patent application.  Id. at 358.  Here, the complaint alleges that the patients assigned only their rights under their insurance contracts.  It does not follow consequentially that the patients also assigned their rights to bring suits under the CPL.  Because the CPL focuses narrowly on the protection of consumers in the purchase of goods or services, we predict that the Pennsylvania Supreme Court would not infer an assignment of claims under the CPL.  Accordingly, we perceive no error in the district court's holding that Gemini lacks standing to bring an action against State Farm under the CPL.

## III.

Next, Gemini challenges the district court's dismissal of its claim for intentional interference with contractual relations brought pursuant to section 766A of the Restatement (Second) of Torts.[2]  In contrast to section 766 of the Restatement,[3] which has been adopted by Pennsylvania, a party is

---

[2].      Section 766A provides:
One who intentionally and improperly interferes with the performance of a contract . . . between another and a third person, by preventing the other from performing the contract or causing his performance to be more expensive or burdensome, is subject to liability to the other for the pecuniary loss resulting to him.

[3].      Section 766 provides:
One who intentionally and improperly interferes with the performance of a contract . . . between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the

liable under section 766A for merely making a third party's performance of his contract with another party more expensive or burdensome.  As this court stated in its careful analysis of the two sections in Windsor Secur., Inc. v. Hartford Life Insurance Co., 986 F.2d 655 (3d Cir. 1993), "[s]ection 766 addresses disruptions caused by an act directed not at the plaintiff, but at a third person:  the defendant causes the promisor to breach its contract with the plaintiff.  Section 766A addresses disruptions caused by an act directed at the plaintiff:  the defendant prevents or impedes the plaintiff's own performance."  Id. at 660.  Not only are the targets of the two sections different, but section 766A is much more difficult to apply and conducive to disputes.

In Price v. Sorrell, 784 P.2d 614 (Wyo. 1989), quoted in Windsor, 986 F.2d at 661, n.10, the Supreme Court of Wyoming directly faced the application of section 766A of the Restatement:  the defendant's interference made the plaintiff's performance of a contract more costly.  Although the court had previously adopted §§ 766 and 766B of the Restatement, it refused to adopt § 766A.  It reasoned, and we agree, that causing performance of a contract to be more costly "as an element of proof is too speculative and subject to abuse to provide a meaningful basis for a cause of action."  784 P.2d at 616.  Thus,

(..continued)
> pecuniary loss resulting to the other from
> the failure of the third person to perform
> the contract.

we are not persuaded that the Pennsylvania Supreme Court would adopt section 766A, and we see no error in the district court's dismissal of Gemini's section 766A claim.

IV.

Gemini also contends that it has a valid claim for punitive damages under 42 Pa. C.S. § 8371.  Section 8371 provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made . . . .
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. C.S. § 8371.  The district court dismissed Gemini's section 8371 claim, reasoning that the Pennsylvania legislature intended the MVFRL, 75 Pa. C.S. § 1797, to provide the exclusive first party remedy for bad faith denials by insurance companies with respect to claims arising out of automobile accident injuries.

In Barnum v. State Farm Mutual Automobile Ins. Co., 635 A.2d 155 (Pa. Super. 1993), the court held that the provisions of section 1797, and not section 8371, are to be applied to claims for first party benefits under the MVFRL.  Relying on the Pennsylvania statute controlling statutory construction, 1

Pa.C.S. § 1933, the court noted that the two statutory provisions cannot be reconciled because the damages in the event of wanton or bad faith conduct and the rates of interest specified by each are different. Barnum, 635 A.2d at 158. Moreover, the procedures and remedies under section 1797 are set forth with specificity. Id. The court concluded that because the two provisions were enacted at the same time and cannot be reconciled, the specific provisions of 75 Pa.C.S. § 1797 must be deemed an exception to the general remedy for bad faith contained in 42 Pa.C.S. § 8371. Id. at 159 (citing supporting district court cases). We find this statutory construction to be convincing and predict the Pennsylvania Supreme Court would similarly rule on this matter. Thus, the district court did not err in dismissing Gemini's claim brought under 42 Pa. C.S. § 8371.

Finally, Gemini raises several issues pertaining to the evidentiary admission of expert testimony, settlement discussions, and rebuttal witnesses. We summarily reject these arguments as lacking merit.

V.

The district court's grant of partial summary judgement in favor of State Farm must be reversed in light of Terminato. Accordingly, we will remand this matter for a new trial as to Gemini's claims for reimbursement of medical bills submitted to State Farm after April 15, 1990. In all other respects, the orders of the district court will be affirmed. Three-fourths of the costs to be taxed against Gemini.