## Cohen v. State Farm Insurance Co.

C.P. of Monroe County, no. 1778 Civil 1996.

*Michael J. McDonald,* for plaintiff.
*Melissa P. Pudas,* for defendant.

CHESLOCK, *J.,* June 10, 1996—Plaintiff began this action by filing a complaint on March 27, 1996. In her complaint, plaintiff avers that on July 18, 1992, she was injured in an automobile accident and thereafter suffered from head and neck pain which required her to undergo medical treatment. Plaintiff further alleges that she has an automobile insurance policy with defendant and that, pursuant to this policy, she applied for first party benefits in order to have her medical expenses paid. In her complaint, plaintiff asserts that beginning in June of 1994, defendant submitted her medical bills for review by a peer review organization pursuant to 75 Pa.C.S. §1797(b)(1). Beginning on June 19, 1994, defendant declined to pay certain medical bills incurred by plaintiff. Thereafter, in July of 1994, plaintiff's counsel requested that defendant reconsider its prior denials. Defendant conducted such a reconsideration and on September 19, 1994, denied certain bills once again. Plaintiff avers that the medical treatment that she received should be paid by defendant since such treatment is reasonably and medically necessary.

Plaintiff's complaint consists of three counts. Count I alleges that defendant is liable for breach of contract. Count II avers that plaintiff is entitled to "trouble" damages pursuant to 75 Pa.C.S. §1797(b)(4). Lastly, Count III alleges that defendant is liable to plaintiff pursuant to 42 Pa.C.S. §8371 for bad faith.

On April 11, 1996, defendant filed preliminary objections to plaintiff's complaint. Argument was heard on these objections on June 3, 1996, but plaintiff's counsel did not appear at that time. Defendant filed a brief, but no brief was submitted by plaintiff. We are now ready to address defendant's preliminary objections.

Defendant raises three preliminary objections to the complaint. We shall address each objection individually. We first recognize that, "The test on preliminary objections is whether it is clear and free from doubt from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his right to relief." *Bower v. Bower,* 531 Pa. 54, 57, 611 A.2d 181, 182 (1992).

In its first preliminary objection, defendant brings a demurrer as to Count III of the complaint. Count III of the complaint requests that defendant be found liable for bad faith pursuant to 42 Pa.C.S. §8371. Specifically, defendant argues that section 8371 does not apply to claims for the payment of first party medical benefits pursuant to 75 Pa.C.S. §1797.

We first recognize that the Pennsylvania Commonwealth Court has stated that, "A demurrer, which tests a complaint's legal sufficiency, is an assertion that the pleading does not set forth a cause of action upon which relief can be granted, . . . and admits every well-pleaded material fact plus all reasonable inferences therefrom." *Raneri v. DePolo,* 65 Pa. Commw. 183, 185, 441 A.2d

1373, 1375 (1982). (citation omitted) Moreover, "The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. . . . Any doubt should be resolved in favor of overruling the demurrer." *Cummins v. Firestone Tire & Rubber Co.,* 344 Pa. Super. 9, 16, 495 A.2d 963, 967 (1985). (citation omitted)

On their faces, both section 8371 and section 1797 seem inconsistent and Pennsylvania courts have therefore had a difficult time reconciling the two. The Motor Vehicle Financial Responsibility Act, 75 Pa.C.S. §1701, et seq., provides rules and procedures to handle claims against insurance companies and also outlines the duty owed by insureds to maintain automobile insurance within the Commonwealth. Specifically, 75 Pa.C.S. §1797 addresses, "customary charges for treatment," and outlines the procedure by which insurers can review medical bills submitted as first party benefits and the process through which insureds can appeal the decision of an insurer to deny payment of medical bills.

Section (b)(4) of the statute provides that:

"(4) Appeal to court.—A provider of medical treatment or rehabilitative services or merchandise or an insured may challenge before a court an insurer's refusal to pay for past or future medical treatment or rehabilitative services or merchandise, the reasonableness or necessity of which the insurer has not challenged before a PRO. Conduct considered to be wanton shall be subject to a payment of treble damages to the injured party." 75 Pa.C.S. §1797(b)(4).

On the other hand, 42 Pa.C.S. §8371 states that:

"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

"(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3 percent.

"(2) Award punitive damages against the insurer.

"(3) Assess court costs and attorney fees against the insurer." 42 Pa.C.S. §8371.

Back in 1993, the Honorable Linda Wallach Miller addressed the same issue we are presented with today in *Conway-West v. State Farm Insurance Co.*, 19 D.&C.4th 84 (1993). In *Conway-West,* the plaintiff's medical bills were denied payment by defendant after defendant submitted these bills to peer review. *Id.* The plaintiff sued defendant for breach of contract under the MVFRL and for bad faith under section 8371. *Id.* The defendant brought preliminary objections to the complaint, arguing that the plaintiff could not pursue a claim for bad faith because her sole remedy was under the MVFRL. *Id.*

In its analysis, Judge Wallach Miller noted that there was a split in authority as to the availability of a bad faith claim for the denial of first party benefits under an insurance policy. *Id.* at 87. Judge Wallach Miller concluded, however, that:

"A consensus has emerged in the federal forum as to the availability of a bad faith cause of action under section 8371 for denial of first party medical benefits where the provisions of 75 Pa.C.S. §1797 are in effect. In these cases, the detailed provisions of 75 Pa.C.S. §1797 provide the exclusive remedy." *Id.* at 90.

Judge Wallach Miller then concluded that the plaintiff's exclusive remedy was under the MVFRL.

Three years have passed since the *Conway-West* decision and it would appear that now, the law is a little more clear. However, as Judge Wallach Miller did in

*Conway-West,* we are left to rely upon federal law for guidance on this issue. Specifically, in *Gemini Physical Therapy and Rehabilitation Inc. v. State Farm Mutual Automobile Insurance Co.,* 40 F.3d 63 (3rd Cir. 1994), the Third Circuit Court of Appeals found that under Pennsylvania law, the MVFRL provides the exclusive remedy for bad faith denials by insurers with respect to claims arising out of automobile accident injuries. *Id.* Moreover, the United States District Court for the Eastern District of Pennsylvania has stated that, "[I]t would appear that section 8371 created by Act 6 does not apply to claims by an insured under the Pennsylvania Motor Vehicle Financial Responsibility Law." *Williams v. State Farm Mutual Automobile Insurance Co.,* 763 F. Supp. 121, 127 (E.D. Pa. 1991).

In commenting on the *Williams* decision, the United States District Court noted in a later decision that:

*"Williams* specifically precludes an insured from bringing a section 8371 bad faith claim against her insurance company for denial of medical expenses (first party benefits) in violation of the PMVFRL. However, it does not suggest that a section 8371 claim could never be brought in a case involving the PMVFRL if benefits, other than first party benefits, are at issue." *Gavaghan v. Replacement Rent-A-Car Inc.,* 811 F. Supp. 1077, 1080 (E.D. Pa. 1992).

Upon review of plaintiff's complaint, we find that her only claim is for the payment of her medical bills under her first party benefits. Accordingly, we grant defendant's demurrer as to Count III of the complaint.

In its second preliminary objection, defendant brings a motion to strike for failure to conform to law. Specifically, defendant argues that, in drafting her complaint, plaintiff failed to attach the relevant medical bills, reports, peer review reports, and application for

benefits. Defendant alleges that such documents must be attached to the complaint pursuant to Pa.R.C.P. §1019(h). We decline to grant this preliminary objection, however, and find that such documents can be exchanged during discovery.

Lastly, defendant brings a motion to strike scandalous and impertinent matter from the complaint. This motion to strike pertains to three separate issues raised by defendant. First, defendant argues that, in her complaint, plaintiff requests "trouble" damages as opposed to treble damages. We agree with defendant that this is a glaring error and we accordingly order plaintiff to amend the complaint to reflect the proper name for the damages that she is seeking.

Next, defendant argues that plaintiff has alleged inconsistent facts in her complaint. Specifically, defendant points out that the complaint first avers that defendant submitted plaintiff's bills to peer review, then, in Count II of the complaint, plaintiff alleges that defendant failed to submit these bills to peer review. We recognize this same paradox in the present state of the law. Section 1797(b)(4) provides that an insured can appeal the denial of medical benefits to the court if such bills have been denied by the insurer, "the reasonableness or necessity of which the insurer has not challenged before a PRO." 75 Pa.C.S. §1797(b)(4). The statute seems to indicate that an insured only has a claim under the MVFRL if the insurer fails to use peer review. Upon review of the case law, however, we note that the courts have liberally allowed insureds to pursue claims under section 1797 even though the insurers had properly submitted their claims to peer review. We recognize that under the Rules of Civil Procedure, plaintiffs are permitted to plead causes of action in the alternative. However,

plaintiff has the burden of proving such *claims* and must address any inconsistencies in its pleadings at trial.

Lastly, defendant points out that plaintiff has incorrectly named defendant in the complaint. We hereby order plaintiff to amend the complaint to reflect defendant's proper name.

Accordingly, we enter the following order:

## ORDER

And now, June 10, 1996, defendant's first preliminary objection in the nature of a demurrer is hereby granted and Count III of the complaint is hereby dismissed. Defendant's second preliminary objection is hereby denied. Defendant's third preliminary objection is hereby granted to the extent that plaintiff is ordered to amend its complaint within 20 days of the date of this order. This amended complaint shall reflect the proper name of defendant and the proper name for the damages that plaintiff is seeking. The remainder of defendant's third preliminary objection is hereby denied.