**Pisarchick v. Progressive Companies**

C.P. of Lackawanna County, no. 00-CV-4422.

*Michael J. McDonald,* for plaintiff.
*Eugene Hickey II,* for defendant.

MINORA, *J.,* April 27, 2001—Presently before the court are the defendant's preliminary objections to the plaintiff's complaint. At issue is whether the Pennsylvania Motor Vehicle Financial Responsibility Law is the exclusive remedy for denial of first-party medical benefits under an automobile insurance policy. Oral arguments were heard on February 27, 2001, and the parties have now submitted their respective memorandum of law and briefs making the matter ripe for disposition. Upon review of the pleadings by the parties, their memorandum and brief, and oral arguments, and for reasons discussed below, the defendant's preliminary objections are overruled.

## FACTUAL BACKGROUND

On May 15, 1999, Shirley Pisarchick, plaintiff, was seriously injured in a car crash wherein she suffered herniated discs in her low back and neck and an aggravation of pre-existing low back and neck conditions. At the time of the accident, the plaintiff was covered by an automobile policy issued by Progressive Insurance Company, defendant. The policy provided for $10,000 in coverage for first-party medical benefits.

At the time of the accident, the plaintiff notified the defendant of the car crash and completed a first-party benefit application in a timely manner as well as medical authorization. Various medical providers including, but not limited to, Dr. Leroy Pelicci and Northeast Pennsylvania Imaging submitted medical bills and bills for test results to the defendant. On November 1, 1999, the defendant requested a peer review organization to review the submitted medical bills and submitted the matter to Consolidated Rehabilitation Company who has and continues to supply the defendant with peer review services. In mid-December, a Consolidated Rehabilitation Company doctor recognized auto accident-related herniated discs in the neck and lower back and the reasonableness and necessity of magnetic resonance imaging procedures in evaluation of the same, but did not allow any further treatment for these other than one visit.

A reconsideration was requested and on February 21, 2000, a reconsideration was performed by the same company but another doctor. The second doctor agreed that the plaintiff suffered herniated discs in her neck and low back as a result of the accident and allowed MRIs to be done and treatment including trigger injec-

tions up through September 7, 1999. Based upon these reports, all treatment has been denied thereafter.

Plaintiff filed a complaint alleging that the denials were in breach of the contract pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, (MVFRL) 75 Pa.C.S. §1716, as applicable to the contract, and also alleged in Count II bad faith liability pursuant to 42 Pa.C.S. §8371. The defendant filed preliminary objections to Count II of the plaintiff's complaint.

## DISCUSSION

### I. *Pennsylvania Motor Vehicle Financial Responsibility Law*

The Pennsylvania Motor Vehicle Financial Responsibility Law states in pertinent part,

"Peer review plan for challenges to reasonableness and necessity of treatment.—

"(1) Peer review plan.—Insurers shall contract jointly or separately with any peer review organization established for the purpose of evaluating treatment, health care services, products or accommodations provided to any injured person. Such evaluation shall be for the purpose of confirming that such treatment, products, services or accommodations conform to the professional standards of performance and are medically necessary. An insurer's challenge must be made to a PRO within 90 days of the insurer's receipt of the provider's bill for treatment or services or may be made at any time for continuing treatment or services.

"(2) PRO reconsideration.—An insurer, provider or insured may request a reconsideration by the PRO of the PRO's initial determination. Such a request for reconsideration must be made within 30 days of the PRO's

initial determination. If reconsideration is requested for the services of a physician or other licensed health care professional, then the reviewing individual must be, or the reviewing panel must include, an individual in the same specialty as the individual subject to review. . . .

"(5) PRO determination in favor of provider or insured.—If a PRO determines that medical treatment or rehabilitative services or merchandise were medically necessary, the insurer must pay to the provider the outstanding amount plus interest at 12 percent per year on any amount withheld by the insurer pending PRO review." 75 Pa.C.S. §1797(b).

## II. *Bad Faith Under an Insurance Policy*

Actions on insurance polices are governed by 42 Pa.C.S. §8371, which provides,

"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

"(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3 percent.

"(2) Award punitive damages against the insurer.

"(3) Assess court costs and attorney fees against the insurer." 42 Pa.C.S. §8371.

## III. *Defendant's Preliminary Objections*

The defendant filed preliminary objections to the bad faith and punitive damages claims contained in Count II of the plaintiff's complaint. The defendant submits that 42 Pa.C.S. §8371 should not apply to actions seeking recovery of first-party benefits under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.

§1701 et seq. The defendant argues that when two statutes conflict, such as the bad faith provisions and the Pennsylvania Motor Vehicle Financial Responsibility Law, the court should determine the scope and applicability of the statutes by ascertaining the intent of the statute. The defendant relies on 1 Pa.C.S. §1921, which states in pertinent part,

"The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. §1921(a).

The defendant asserts that the MVFRL is a legislative response to the high cost and frequent unavailability of voluntary automobile insurance in Pennsylvania. The defendant submits that the MVFRL comprises a comprehensive scheme for review and payment of first-party claims, including specific legislative judgments on what remedies should be available to claimants, when those remedies apply, and how extensive the remedy should be. The defendant submits that the MVFRL, when read in light of the rules of statutory construction, shows a legislative intent to apply the specific rights and remedies of the MVFRL to claims for first-party benefits. The defendant further submits that the MVFRL, rather than the more general and conflicting provisions of 42 Pa.C.S. §8371, should apply to such claims. The defendant asserts that applying 42 Pa.C.S. §8371 to first-party claims would render much of its work superfluous, interfere with the review mechanisms in the MVFRL, set standards for remedies that are consistent and conflict with the

MVFRL, and grant a cause of action that goes beyond the legislative intent.

The defendant asserts that 42 Pa.C.S. §8371 and the MVFRL conflict in numerous areas. The defendant submits that both statutes cannot apply to first-party claims. The defendant further submits that applying both statutes to first-party claims would result in conflicting standards and remedies, and interfere with the mechanisms the legislature has mandated for first-party claims. The defendant argues that 42 Pa.C.S. §8371 has no specific application to claims for first-party benefits, and is not included in the MVFRL. The defendant asserts that the specific provisions in the MVFRL would apply, rather than the more general provisions of 42 Pa.C.S. §8371.

The defendant erroneously relies on *Barnum v. State Farm Mutual Automobile Insurance Co.,* 430 Pa. Super. 488, 635 A.2d 155 (1993), which has been reversed by the Pennsylvania Supreme Court, 539 Pa. 673, 652 A.2d 1319 (1994). Counsel for the defendant also orally provided the court with the case *Terminato v. Pennsylvania Nationwide Insurance Co.,* 538 Pa. 60, 645 A.2d 1287 (1994), which essentially overrules *Barnum.* In *Terminato,* the Pennsylvania Supreme Court stated that 75 Pa.C.S. §1797(b) does not empower a PRO to serve as a forum to resolve dispute between an insured and insurer. *Terminato,* 538 Pa. at 67, 645 A.2d at 1292. The legislature did not vest authority in the PRO to entertain litigation arising out of the nonpayment of medical benefits. *Id.* Nor does the statutory provision provide a remedy for the nonpayment of medical benefits. *Id.* Section 1797(b) is a cost-containment provision, not an alternative dispute resolution procedure. *Id.* The

legislature did not intend to impose reconsideration of the PRO determination as a precondition to the judicial resolution of a private contractual dispute. *Id.*

The defendant also relies upon *Gemini Physical Therapy v. State Farm Mutual Auto.,* 40 F.3d 63 (3d Cir. 1994), which followed the reasoning set forth in *Barnum,* and was decided before the Pennsylvania Supreme Court reversed *Barnum.* The Third Circuit Court found that the statutory construction outlined in *Barnum* to be convincing and erroneously predicted that the Pennsylvania Supreme Court would rule similarly on this matter. *Gemini,* 40 F.3d at 67.

Counsel for the defendant notified the court of relevance of *Schwartz v. State Farm Insurance Co.,* 1996 WL 189839 (E.D. Pa. 1996). The United States District Court for the Eastern District of Pennsylvania found that where an insurer has not complied with the specific provisions of 75 Pa.C.S. §1797 with regard to its purpose in submitting a claim to a PRO, there is no reason to limit the damages that may be recovered from the insurer to the damages set out in that section. *Schwartz,* 1996 WL 189839 at 5. In that situation, 75 Pa.C.S. §1797 and 42 Pa.C.S. §8371 are not irreconcilable. *Id.* It is thus possible to give both sections their full effect; the MVFRL is the exclusive remedy when it applies and 42 Pa.C.S. §8371 applies in all other cases. *Id.*

The defendant submits that the Pennsylvania Motor Vehicle Financial Responsibility Law, particularly 75 Pa.C.S. §1797, includes the appropriate penalties of an insurance carrier and properly denies the claim for first-party benefits, therefore, Count II of the plaintiff's complaint should be dismissed with prejudice.

## IV. *Plaintiff's Position in Opposition*

In the plaintiff's complaint, the plaintiff alleges that the actions of the defendant regarding the peer review and the reconsideration constituted bad faith on the part of the defendant toward the plaintiff and that the defendant:

"(a) failed to exercise good faith in considering the interest of the plaintiff by promptly paying plaintiff's claim after receiving reasonable proof of the amount of such loss;

"(b) without a reasonable foundation to do so;

"(c) wrongfully refused to pay plaintiff's medical treatment thereby jeopardizing plaintiff's continued course of treatment and care for the injuries;

"(d) compel the plaintiff to institute this litigation to recover those benefits rightfully due her by repeatedly failing or refusing to pay such benefits;

"(e) violating and ignoring the provisions of the MVFRL and the insurance policy;

"(f) failed to exercise the utmost good faith and discharge of its duty to the plaintiff;

"(g) engage in unfair claims settlement insurance practices in violation of its common law and statutory duties; and,

"(h) violating the provision of the MVFRL and the insurance policy by having illegal causation reviewed of the medical bills and expenses in treatment which resulted in the defendant's improper denial of benefits." Plaintiff's complaint, paragraph 22.

The plaintiff argues that the MVFRL is a nonexclusive remedy for a bad faith denial of first-party medical and wage loss benefits and the preliminary objections of the defendant should be overruled.

The plaintiff disagrees with the defendant's reliance on *Barnum v. State Farm Mutual Auto Insurance Company,* 430 Pa. Super. 488, 635 A.2d 155 (1993), *reversed,* 539 Pa. 673, 652 A.2d 1319 (1994), as the defining case law and the final word on the subject. The plaintiff asserts that after the *Barnum* decision, various courts have held that the bad faith statute continues to apply in the first-party context, and thus, at best, this area is not clear and free from doubt.

The plaintiff also alleges that the PRO determination and the peer review reconsideration determination were causation determinations which are not allowed pursuant to the MVFRL, 75 Pa.C.S. §1797 (plaintiff's complaint mistakenly referred to section 1796). Plaintiff's complaint, paragraph 21. The plaintiff submits that because 75 Pa.C.S. §1797 does not clearly address causation, the expressed language of the statute and any clear inferences indicate that a bill should be submitted and reviewed and then either found medically reasonable and necessary or not. The plaintiff further submits that by setting a definitive cut-off date the PRO has violated the letter and spirit of the statutory provisions and in essence has provided a causation review, all of which is in direct violation of 75 Pa.C.S. §1797(b). The plaintiff concludes that the very language of the peer review reports supports allowance of the bad faith claim under the circumstances.

The plaintiff concludes that the law and facts clearly allow a bad faith case to go forward in this matter because the state of the law is unsettled in this area and the Pennsylvania Supreme Court has not spoken. The plaintiff notes that many courts have carved increasingly wide exceptions into the legal landscape outlined in *Barnum.* The plaintiff contends that the procedural facts

regarding a denial of benefits clearly fit within case law outlining exceptions to *Barnum* for violations of the peer review process and its mandatory provisions as found in 75 Pa.C.S. §1797.

The plaintiff cites to a memorandum and order issued by Judge Corbett of this court in the case of *Burgette v. Selective Insurance Company,* Lacka. Cty., 96-CV-824 (July 17, 1998). The court held that 75 Pa.C.S. §1797(b) of the MVFRL allows an insurer to retain a PRO to ascertain only that the treatment conforms to professional standards and is medically necessary and not whether the medical treatment was causally related to the particular accident. *Burgette* at 7, quoting *Pierce v. State Farm Insurance Company,* 27 D.&C.4th 464 (1994).

The plaintiff argues that although the peer review reports in this case technically discuss the reasonableness and necessity of certain medical treatment and testing, the defendant has used the language of the specific reports to deny all treatment after a certain date without reviewing specific bills which is a medical causation determination. The plaintiff asserts that since 75 Pa.C.S. §1797 of the MVFRL is not intended to address causation, the expressed language of the statute and any clear inferences indicate that a bill should be submitted and reviewed and then either found medically reasonable and necessary or not. The plaintiff contends that by setting a definitive cut-off date the PRO has violated the letter and spirit of the statutory provisions and in essence has provided a causation review, all in direct violation of 75 Pa.C.S. §1797(b). The plaintiff concludes the very language of the peer review reports supports allowance of the bad faith claim under the circumstances, the law is far from clear and free of doubt,

and the preliminary objections of the defendant should be dismissed.

## V. *Conclusion*

The preliminary objections of the defendant must be reviewed as a demurrer. A demurrer under the Pennsylvania Rules of Civil Procedure is a preliminary objection asserting the legal insufficiency of a pleading. Pa.R.C.P. 1028(a)(4) (1999). A demurrer challenges the legal sufficiency of a complaint by alleging its failure to set forth a cause of action upon which the court can grant relief under any theory of law. *PennDOT v. Wilkinsburg Penn Joint Water Authority,* 740 A.2d 322, 324 (Pa. Commw. 1999), *alloc. granted,* 563 Pa. 927, 757 A.2d 935 (2000). The test of a demurrer is whether the facts averred in a pleading, if true, are legally sufficient to state a cause of action for which relief may be granted. *Id.*

In reviewing demurrers, the court accepts as true all well-pleaded material facts, as well as all reasonable inferences drawn therefrom. *Stoppie v. Johns,* 720 A.2d 808, 809 (Pa. Commw. 1998). The court will sustain a demurrer when it is clear and without doubt that no claim has been asserted for which relief can be granted. *Ellenbogen v. PNC Bank,* 731 A.2d 175, 181 (Pa. Super. 1999). To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. *DeMary v. Latrobe Printing and Publishing Co.,* 762 A.2d 758, 761 (Pa. Super. 2000), citing *Donahue v. Federal Express Corp.,* 753 A.2d 238, 241 (Pa. Super. 2000). Any doubt should be resolved by a refusal to sustain the objections. *Id.* Should

any doubt exist, the court must rule in favor of the non-moving party. *Podgurski v. Pennsylvania State University*, 722 A.2d 730, 731 (Pa. Super. 1998).

Because the defendant raised tenuous preliminary objections to the plaintiff's complaint and largely relied on a case that has been reversed, no merit will be given to the defendant's position. Doubt exists as to whether the defendant failed to exercise good faith in considering the interest of the plaintiff by promptly paying plaintiff's claim after receiving reasonable proof of the amount of such loss. The facts are not clear as to whether or not the defendant complied with the specific provisions of 75 Pa.C.S. §1797. Therefore, the court must overrule the demurrer in favor of the non-moving party, the plaintiff. Accordingly, the defendant's preliminary objections are overruled.

An appropriate order consistent with the reasoning above follows.

## ORDER

And now, to wit, April 27, 2001, it is hereby ordered and decreed that the defendant's preliminary objections to the plaintiff's complaint are overruled.