**ALLSTATE INSURANCE COMPANY, et al., Plaintiffs,**

v.

**AMERICAN REHAB AND PHYSICAL THERAPY, INC., et al., Defendants.**

**No. Civ.A. 01–5076.**

United States District Court, E.D. Pennsylvania.

Aug. 5, 2004.

---

Brian A. Wall, Jr., Britt, Hankins, Schaible & Moughan, Philadelphia, PA, for Plaintiffs.

Barry W. Krengel, Joel W. Todd, Dolchin, Slotkin & Todd PC, Philadelphia, PA, for Defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court are the post trial motions of the Plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Allstate New Jersey Insurance Company, Deerbrook Insurance Company, and Encompass Insurance Company (collectively "Plaintiffs") and Defendants American Medical Group, P.C., American Rehab and Physical Therapy, Inc., Richard Privitera, Dean Parker, and Steve Moldover (collectively "Defendants"). For the reasons stated below, the Plaintiffs' motion to amend the judgment and to treble damages will be granted and the Defendants' motion for a new trial and alternative motion to amend the judgment will be denied.

## History of the Case

Plaintiffs brought this insurance fraud suit against Defendants on October 9, 2001 for damages arising from Defendants' systematic misrepresentation of services to obtain higher reimbursement amounts (upcoding) and billing for medically unnecessary "diagnostic" testing. Following a five day trial, the jury found in favor of Plaintiffs and against all Defendants on all of the counts presented for consideration: unjust enrichment, restitution for mistaken payment, intentional misrepresentation, common law fraud, and statutory insurance fraud. Plaintiffs thereafter moved to amend the judgment and treble the damages. Likewise, Defendants moved for a new trial or to amend the judgment.

## Standards for a New Trial and to Alter Judgment

 It is well settled that the ordering of a new trial is a matter committed to the sound discretion of the district court. *Bonjorno v. Kaiser Aluminum and Chemical Corp.*, 752 F.2d 802, 812 (3d Cir.1984), *cert. denied,* 477 U.S. 908, 106 S.Ct. 3284, 91 L.Ed.2d 572 (1986). Indeed, Fed. R.Civ.P. 59(a) states in relevant part:

(a) **Grounds**. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . .

A court may grant a new trial if doing so is required to prevent injustice or to correct a verdict that was against the weight of the evidence. *Ballarini v. Clark Equipment Co.*, 841 F.Supp. 662, 664 (E.D.Pa. 1993), *aff'd,* 96 F.3d 1431 (3d Cir.1996). A court may also grant a new trial based on a prejudicial error of law. *See M.B. v. Women's Christian Alliance*, 2003 WL 21384836*2 (E.D.Pa. June 16, 2003) (citing

*Klein v. Hollings*, 992 F.2d 1285, 1289–90 (3d Cir.1993)).

██ A new trial, however, cannot be granted merely because the court would have weighed the evidence differently or reached a different verdict. *Markovich v. Bell Helicopter Textron, Inc.*, 805 F.Supp. 1231, 1235 (E.D.Pa.1992), *aff'd,* 977 F.2d 568 (3d Cir.1992). *See Also: Olefins Trading, Inc. v. Han Yang Chemical Corp.*, 9 F.3d 282, 290 (3d Cir.1993). A court should grant a new trial "only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir.1991) (citing *EEOC v. Del. Dep't Health*, 865 F.2d 1408, 1413 (3d Cir.1989)). Thus, absent a showing of substantial injustice or prejudicial error, a new trial is not warranted and it is the court's duty to respect a plausible jury verdict. *Montgomery County v. Microvote Corp.*, 2001 WL 722150, at *8, 2001 U.S. Dist. LEXIS 8727 at *26 (E.D.Pa. June 25, 2001) (citing *Goodwin v. Seven–Up Bottling Co. of Philadelphia*, No. 96–2301, 1998 WL 438488 at *3 (E.D.Pa. July 31, 1998)).

On the other hand, motions to alter and/or amend judgment are generally made pursuant to Fed.R.Civ.P. 59(e) and must rely on one of three major grounds: (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, or (3) the need to correct clear error of law or prevent manifest injustice. *North River Insurance Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995).

## Discussion

After a five day trial, the jury found Defendants liable under all counts submitted to them for consideration: unjust enrichment, restitution for mistaken pay-

ment, intentional misrepresentation, common law fraud, and statutory insurance fraud. The jury did not award damages on the counts of unjust enrichment and restitution for mistaken payment, although the jury interrogatories indicate that they found that Plaintiffs proved both of these claims by a preponderance of the evidence. As for the three remaining counts, the jury awarded the full amount of compensatory damages sought by Plaintiffs, but placed each category of compensatory damages under a separate count as follows: $198,689 on the count of intentional misrepresentation; $30,059 on the count of common law fraud; and $138,000 on the count of statutory insurance fraud. The amount awarded on the count of intentional misrepresentation equals the total amount which Defendants were reimbursed for impairment testing. The amount awarded on the count of common law fraud equals the value of Plaintiff's overpayment as a result of upcoding. The amount awarded on the count of statutory insurance fraud equals the attorney's fees and costs incurred by Plaintiffs. Both parties agree that the jury's Answers to Interrogatories reflect some kind of misunderstanding.

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiffs move to amend the judgment to include treble damages recoverable under 18 Pa.C.S.A. § 4117(g) based upon the existence of a pattern of fraud. Plaintiffs ask this Court to treble the total amount of compensatory damages, rather than the amount awarded under the statutory insurance fraud count. Defendants, on the other hand, move for a new trial pursuant to Rule 59(a) based on the jury's apparent confusion in its compensatory damage awards.

■ It seems clear to the Court that the jury's division of the categories of compensatory damages among the counts for which they found Defendants liable re-

flects a desire to prevent double recovery, as well as a misunderstanding of the law regarding damages. There is nothing, however, to suggest that the jury did not understand the law regarding liability. Rather, the jury found all Defendants liable on all counts presented to them for deliberation. Therefore, we will not grant a new trial on the basis of jury confusion, and as discussed below, we will also deny the request for a new trial on all other basis presented by Defendants.

We will instead mold the verdict to reflect a compensatory damage award for the count of statutory insurance fraud in the aggregate amount of compensatory damages awarded by the jury, $366,748. We will also treble that amount pursuant to 18 Pa.C.S.A. § 4117(g), which provides that an insurer "damaged as a result of the violation of this section ... may recover treble damages if the court determines that the defendant has engaged in a pattern of violating this section." 18 Pa. C.S.A. § 4117(g). After a five day trial in this matter, we find that the Plaintiffs proved by clear and convincing evidence that Defendants engaged in a pattern of insurance fraud for seven years by means of unnecessary medical testing and upcoding.

In addition to the motion for a new trial discussed above, Defendants ask this Court to grant a new trial or amend the judgment for a variety of reasons. First, pursuant to Fed.R.Civ.P. 59(e), Defendants ask the Court to set aside the verdict under the claim of intentional misrepresentation due to insufficient evidence that the individual defendants participated directly in the decisions to order the impairment and muscle testing. Taking the evidence presented at trial and all reasonable inferences therefrom in the light most favorable to the Plaintiffs, we find that there was sufficient evidence for a reasonable

jury to hold the individual defendants liable for intentional misrepresentation based on the impairment and muscle testing. Defendants' request to set aside the verdict is therefore denied.

■ The Defendants also contend that the Court erred in refusing to apply the two (2) year statute of limitation to all of the fraud counts. We allowed the Plaintiffs to present evidence of Defendants' fraudulent activities from 1996 through the present based on our finding that the statute of limitations was tolled by the Defendants' fraudulent concealment of their fraudulent activities, as demonstrated by clear and convincing evidence at trial. The doctrine of fraudulent concealment tolls the statute of limitations where "through fraud or concealment the defendant causes the plaintiff to relax his vigilance or deviate from the right of inquiry." *Bohus v. Beloff,* 950 F.2d 919, 925 (3d Cir.1991). Plaintiff reasonably relied on the Defendants' misrepresentations that the treatment rendered was medically necessary and the proper billing codes were used. Based on the evidence presented at trial, reasonable minds could not differ on this point. *See Tyler v. O'Neill,* 1998 WL 961383 *4 (E.D.Pa.1998)(citing *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 325, 608 A.2d 1040, 1043 (1992)) (where the facts are so clear that reasonable minds cannot differ, the court may determine the commencement of the limitations period as a matter of law). Therefore, we found that the statute of limitation was tolled until discovery in this case revealed the misrepresentations.

Defendants also object to a series of evidentiary rulings made by the Court throughout the course of the trial. The only ruling we will address specifically is our admission of evidence that Defendants classify as evidence of the corporate practice of medicine.[1] The only evidence Defendants identify as wrongfully admitted is the compensation paid to the individual defendants by the corporate defendants. We find that because this evidence was directly relevant to the statutory insurance fraud count and admissible on that basis, no error was made. *See* 18 Pa.C.S.A. § 4117(a)(5). For the remaining evidentiary rulings, we have reviewed the Defendants' objections and find that no error was made. Therefore, Defendants' motion for a new trial based on these evidentiary rulings is denied.

Lastly, Defendants argue that the Court erred in allowing the jury to consider the Plaintiffs' claim for statutory insurance fraud, 18 Pa.C.S.A. § 4117. They principally rely on *Gemini Physical Therapy v. State Farm Mut. Auto. Ins. Co.,* 40 F.3d 63, 67 (3d Cir.1994), in which the Third Circuit affirmed a district court decision holding that the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. § 1797, ("MVFRL"), provides the exclusive first party remedy for bad faith denials by insurance companies with respect to claims arising out of automobile accident injuries. 40 F.3d 63, 67 (3d Cir. 1994). Defendants argue that *Gemini* limits Plaintiffs' recovery to the remedy allowed under section 1797. As explained in our Order denying Defendants' motion to dismiss Plaintiffs' complaint, we find this argument to be without merit.

*Gemini* held that section 1797 is an exception to the general "bad faith" remedy found in 42 Pa.C.S.A. § 8371, and therefore, section 1797 provides the exclusive remedy for *bad faith denials of claims by insurance companies.* 40 F.3d at 67. This is clearly not the situation confronting this Court.

1. By Order dated November 20, 2003, this Court found that Plaintiffs lacked standing to make a claim for damages under the theory of "corporate practice of medicine."

Because section 1797 does not provide a remedy for an insurer in the event that the provider or insured has committed fraud in the submission of medical bills, we find that the statutory insurance fraud remedial provisions do not conflict with this section. Therefore, it was not improper for this Court to allow the jury to consider a claim under the insurance fraud statute.

### *Conclusion*

An appropriate order follows.

### *ORDER*

AND NOW, this 5th day of August, 2004, upon consideration of Plaintiffs' Motion to Amend the Judgment Pursuant to Fed. R.Civ.Pro. 59(e) and to Treble Damages Pursuant to 18 Pa.C.S.A. § 4117(g), and any responses thereto, and Defendants' Motion for a New Trial and to Amend the Judgment Pursuant to Fed.R.Civ.Pro. 59(a) and 59(e), and any responses thereto, for the reasons stated in the accompanying Memorandum, it is hereby ORDERED as follows:

1) Plaintiffs' Motion to Amend the Judgment and Treble Damages is GRANTED. Judgment is hereby entered against Defendants and in favor of Plaintiffs in the amount of $1,100,244.00.

2) Defendants' Motion for a New Trial and to Amend the Judgment is DENIED.